

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Modified by 0-6795

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-5270
Re: Allocation of moneys to be paid
by the Federal Public Housing
Authority in lieu of State taxes,
and related questions.

Your letter of April 30, 1943, reads, in part,
as follows:

"The Federal Public Housing Authority is now
preparing to pay in lieu of state taxes certain sums
to the various political subdivisions of the state as
well as to the state itself. Several questions arise
with reference to the acceptance of this money:

"1. Since the money is paid in lieu of taxes,
how shall it be allocated in the State Treasury?

"2. May this department authorize the payment
direct to the various tax collectors, or should the
payment be made direct to the State Treasurer?

"3. If the money is paid in to the County Tax
Assessor-Collector would the Assessor-Collector be
entitled to commissions on such sums as belong to the
state?

"4. In State Aid Counties, such as Nueces, if
the money is paid to the Assessor-Collector would the
county retain a portion that is authorized to be remitted
to the County Treasurer for the payment of maintenance of
sea walls, etc.?"

THIS COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, page 2

All property owned by the United States is, by our statutes, exempted from taxation. Article 7150, R. C. S. By virtue of various acts passed by the United States Congress, the Administrator of the Federal Public Housing Authority is authorized to make annual payments in lieu of taxes to the State and the various local subdivisions of the State in which real property is acquired by the Housing Authority. See Public 849, 76th Congress, 54 Statutes, 1125 (as amended by Public 42, Public 137, Public 409, Public 522, and Public 723, 77th Congress), Public 9, 77th Congress, Public 73, and Public 353, 77th Congress, Public 671, Public 781, 76th Congress. It will be noted that upon the property involved in each of the Federal Acts, the Administrator is authorized to pay "in lieu of taxes" an amount which would be the approximate equivalent of the amount of taxes that would be paid upon such real property if such property were subject to taxation and were not exempt.

Since there is no liability upon the United States to pay the sums authorized in lieu of taxes, any such sums so paid to the State will be in the nature of gifts. We have heretofore held, in our opinion No. O-2042, that only the Legislature of this State is authorized to accept gifts on behalf of the State. We enclose herewith a copy of such opinion. It might be pointed out that for the same reasons that the Legislature is the only department of the State's Government which can accept gifts, it is likewise the only department of the government which can reject gifts.

Since the Legislature has neither accepted nor rejected, on behalf of the State, any sums that have been or may hereafter be tendered to the State in lieu of taxes upon the lands in question, we think that any such sums tendered to the officials of the State under the authority of the Federal Acts would be "money the status of which is undetermined" within the meaning of Article 4388, V. A. C. S., and that it should be disposed of as therein directed. That article reads, in part, as follows:

"The State Treasurer shall receive daily from the head of each department, . . . a detailed list of all persons remitting money, the status of which is undetermined or which is awaiting the time when it can be finally taken into the treasury . . . deposit receipt shall be issued by the Comptroller for the daily total of such remittances from each department, and the Cashier of the Treasurer's Department shall keep a cash book, to be called 'suspense cash book' in which to enter these deposit receipts, and any others issued for cash receipts, for which

Hon. Geo. H. Sheppard, page 3

no deposit warrants can be issued, or when their issuance is delayed. As soon as the status of money so placed with the Treasurer on a deposit receipt is determined, it shall be transferred from the suspense account by placing the portion of it belonging to the State in the Treasury by the issuance of a deposit warrant, and the part found not to belong to the State shall be refunded. . . ."

We must, therefore, answer your first question by saying that in our opinion such sums as may be paid by the Administrator, "in lieu of State taxes", under the authority of the said Federal Acts, should be paid directly to the State Treasurer and should be placed by him in the suspense account as "money the status of which is undetermined," and the ultimate disposition of which should be made in accordance with the direction of the Legislature.

Such sums as may be paid by the Administrator "in lieu of taxes" of local political subdivisions should, of course, be paid directly to the proper local authorities, and not to the State Treasurer.

Having thus answered your first question, it becomes unnecessary for us to discuss the remaining questions contained in your letter.

Trusting that the above fully answers your inquiry, we are

APPROVED MAY 25, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Fowler Roberts

Fowler Roberts
Assistant

FR:ALM

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE